**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| LEON STAMBLER, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:11cv460 |
| AMERICAN EAGLE OUTFITTERS, INC., AE DIRECT CO. LLC, AT&T INC., AT&T MOBILITY LLC f/k/a CINGULAR WIRELESS LLC, AT&T SERVICES, INC. CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS HOLDING COMPANY, LLC, CHARTER COMMUNICATIONS OPERATING, LLC, THE CONTAINER STORE, INC., EUROMARKET DESIGNS, INC. d/b/a CRATE & BARREL and CB2, MEADOWBROOK L.L.C. d/b/a THE LAND OF NOD, FOSSIL, INC., FOSSIL PARTNERS, L.P., RADIOSHACK CORPORATION, RADIOSHACK.COM, LLC, SPRINT NEXTEL CORPORATION, SPRINT/UNITED MANAGEMENT COMPANY, SPRINT COMMUNICATIONS COMPANY, LP, URBAN OUTFITTERS, INC., WALGREEN CO., WILLIAMS-SONOMA, INC., ZALE CORPORATION, and ZALE DELAWARE, INC., | § § § § § § § § § § § § § § § § § § § § § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff LEON STAMBLER files this Original Complaint against the above-named Defendants, alleging as follows:

1

## I. THE PARTIES

1. Plaintiff LEON STAMBLER ("Stambler") is an individual residing in Parkland, Florida.

2. On information and belief, Defendant AMERICAN EAGLE OUTFITTERS, INC. is a Delaware corporation with its principal place of business in Pittsburg, Pennsylvania.  This Defendant may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road Suite 400, Wilmington, Delaware 19808.

3. On information and belief, Defendant AE DIRECT CO. LLC is a Delaware limited liability company with its principal place of business in Pittsburg, Pennsylvania.  This Defendant may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road Suite 400, Wilmington, Delaware 19808.

4. On information and belief, Defendant AT&T INC. is a Delaware corporation with its principal place of business in Dallas, Texas.  This Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

5. AT&T Mobility LLC f/k/a Cingular Wireless LLC is a Delaware limited liability company with its principal place of business in Atlanta, Georgia.  This Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

6. On information and belief, Defendant AT&T SERVICES, INC. is a Delaware corporation with its principal place of business in Dallas, Texas.  This Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

7. On information and belief, Defendant CHARTER COMMUNICATIONS, INC. is a Delaware corporation with its principal place of business in St. Louis, Missouri. This Defendant may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road Suite 400, Wilmington, Delaware 19808.

8. On information and belief, Defendant CHARTER COMMUNICATIONS HOLDING COMPANY, LLC is a Delaware limited liability company with its principal place of business in St. Louis, Missouri. This Defendant may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road Suite 400, Wilmington, Delaware 19808.

9. On information and belief, Defendant CHARTER COMMUNICATIONS OPERATING, LLC is a Delaware limited liability company with its principal place of business in St. Louis, Missouri. This Defendant may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road Suite 400, Wilmington, Delaware 19808.

10. On information and belief, Defendant THE CONTAINER STORE, INC. is a Texas corporation with its principal place of business in Coppell, Texas. This Defendant may be served with process through its registered agent, C T Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

11. On information and belief, Defendant EUROMARKET DESIGNS, INC. d/b/a CRATE & BARREL and CB2 is a Delaware corporation with its principal place of business in Northbrook, Illinois. This Defendant may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road Suite 400, Wilmington, Delaware 19808.

12. On information and belief, Defendant MEADOWBROOK L.L.C. d/b/a THE LAND OF NOD is an Illinois limited liability company with its principal place of business in

Morton Grove, Illinois. This Defendant may be served with process through its registered agent, Alan B. Patzik, 150 S. Wacker Drive, Suite 1500, Chicago, Illinois 60606.

13. On information and belief, Defendant FOSSIL, INC. is a Delaware corporation with its principal place of business in Richardson, Texas. This Defendant may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

14. On information and belief, Defendant FOSSIL PARTNERS, L.P. is a Texas limited partnership with its principal place of business in Richardson, Texas. This Defendant may be served with process through its registered agent, C T Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

15. On information and belief, Defendant RADIOSHACK CORPORATION is a Delaware corporation with its principal place of business in Fort Worth, Texas. This Defendant may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

16. On information and belief, Defendant RADIOSHACK.COM, LLC is a Delaware limited liability company with its principal place of business in Fort Worth, Texas. This Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

17. On information and belief, Defendant SPRINT NEXTEL CORPORATION is a Kansas corporation with its principal place of business in Overland Park, Kansas. This Defendant may be served with process through its registered agent, Corporation Service Company, 200 S.W. 30th Street, Topeka, Kansas 66611.

18. On information and belief, Defendant SPRINT/UNITED MANAGEMENT COMPANY is a Delaware corporation with its principal place of business in Overland Park, Kansas.  This Defendant may be served with process through its registered agent, The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

19. On information and belief, Defendant SPRINT COMMUNICATIONS COMPANY, LP is a Delaware limited partnership with its principal place of business in Overland Park, Kansas.  This Defendant may be served with process through its registered agent, The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

20. On information and belief, Defendant URBAN OUTFITTERS, INC. is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania.  This Defendant may be served with process through its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

21. On information and belief, Defendant WALGREEN CO. is an Illinois corporation with principal places of business in Deerfield, Illinois.  This Defendant may be served with process through its registered agent, Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

22. On information and belief, Defendant WILLIAMS-SONOMA, INC. is a Delaware corporation with its principal place of business in San Francisco, California.  This Defendant may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

23. On information and belief, Defendant ZALE CORPORATION is a Delaware corporation with its principal place of business in Irving, Texas.  This Defendant may be served

with process through its registered agent, The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

24. On information and belief, Defendant ZALE DELAWARE, INC. is a Delaware corporation with its principal place of business in Irving, Texas. This Defendant may be served with process through its registered agent, The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

## II. JURISDICTION AND VENUE

25. This is an action for patent infringement arising under 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction of this action under Title 28 U.S.C. §1331 and §1338(a).

26. The Court has general and specific personal jurisdiction over each Defendant, and venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b). Each Defendant has substantial contacts with the forum as a result of pervasive business activities conducted within the State of Texas and within this District. On information and belief, each Defendant regularly solicits business in Texas and in this District, and derives substantial revenue from products, systems, and/or services sold or provided to individuals or entities residing in Texas and in this District. Each Defendant provides secure online transaction services directly to customers in this District through its interactive websites. Through the provisions of such products and/or services, each Defendant has committed and continues to commit acts of patent infringement in the State of Texas and in this District.

## III. PATENT INFRINGEMENT

27. On August 11, 1998, United States Patent No. 5,793,302 ("the '302 patent") was duly and legally issued for a "Method for Securing Information Relevant to a Transaction." A

true and correct copy of the '302 patent is attached hereto as Exhibit A. On October 26, 1999, United States Patent No. 5,974,148 ("the '148 patent") was duly and legally issued for a "Method for Securing Information Relevant to a Transaction." A true and correct copy of the '148 patent is attached hereto as Exhibit B. On August 10, 1999, United States Patent No. 5,936,541 ("the '541 patent") was duly and legally issued for a "Method for Securing Information Relevant to a Transaction." A true and correct copy of the '541 patent is attached hereto as Exhibit C.

28. Stambler is the inventor and owner of all rights, title, and interest in and to the '302, '148, and '541 patents, and Stambler possesses all rights of recovery under them.

29. Defendants American Eagle Outfitters, Inc. and AE Direct Co. LLC (collectively, "AEO") have infringed and continue to infringe, directly, contributorily, and/or through the inducement of others, claimed methods of the '302 patent, the '148 patent, and the '541 patent. On information and belief, AEO has been and now is directly infringing at least claims 41 and 47 of the '302 patent by providing secure online payment systems and/or services to customers through its interactive online website(s) (e.g., ae.com). Additionally, on information and belief, AEO has been and now is: (1) inducing and/or contributing to its customers' direct infringement of at least claim 34 of the '148 patent by providing secure online payment systems and/or services that allow such customers to initiate payments and/or funds transfers through its interactive online websites(s) (e.g., ae.com); and (2) inducing and/or contributing to its customers' direct infringement of claim 7 of the '302 patent by its customers' use of secure online payment systems and/or services accessible through its interactive online website(s) (e.g., ae.com). Additionally, on information and belief, AEO has been and now is directly infringing at least claim 20 of the '541 patent by securing information relevant to transactions (e.g., online

purchases) initiated through interactive websites (e.g., ae.com) using one or more secure cookies (e.g., DYN_USER_CONFIRM) and encrypting and/or encoding information relevant to the transactions.

30. Defendants AT&T, Inc., AT&T Mobility LLC f/k/a Cingular Wireless LLC, and AT&T Services, Inc. (collectively, "AT&T") have infringed and continue to infringe, directly, contributorily, and/or through the inducement of others, claimed methods of the '302 patent, the '148 patent, and the '541 patent. On information and belief, AT&T has been and now is directly infringing at least claims 41 and 47 of the '302 patent by providing secure online payment systems and/or services to customers through its interactive online website(s) (e.g., att.com). Additionally, on information and belief, AT&T has been and now is: (1) inducing and/or contributing to its customers' direct infringement of at least claim 34 of the '148 patent by providing secure online payment systems and/or services that allow such customers to initiate payments and/or funds transfers through its interactive online websites(s) (e.g., att.com); and (2) inducing and/or contributing to its customers' direct infringement of claim 7 of the '302 patent by its customers' use of secure online payment systems and/or services accessible through its interactive online website(s) (e.g., att.com). Additionally, on information and belief, AT&T has been and now is directly infringing at least claim 20 of the '541 patent by securing information relevant to transactions (e.g., online purchases or payments) initiated through interactive websites (e.g., att.com) using one or more secure cookies (e.g., DYN_USER_CONFIRM) and encrypting and/or encoding information relevant to the transactions.

31. Defendants Charter Communications, Inc., Charter Communications Holding Company, LLC, and Charter Communications Operating, LLC (collectively "Charter") have infringed and continue to infringe, directly, contributorily, and/or through the inducement of

others, claimed methods of the '302 patent and the '148 patent. On information and belief, Charter has been and now is directly infringing at least claims 41 and 47 of the '302 patent by providing secure online payment systems and/or services to customers through its interactive online website(s) (e.g., charter.com). Additionally, on information and belief, Charter has been and now is: (1) inducing and/or contributing to its customers' direct infringement of at least claim 34 of the '148 patent by providing secure online payment systems and/or services that allow such customers to initiate payments and/or funds transfers through its interactive online websites(s) (e.g., charter.com); and (2) inducing and/or contributing to its customers' direct infringement of claim 7 of the '302 patent by its customers' use of secure online payment systems and/or services accessible through its interactive online website(s) (e.g., charter.com).

32.     Defendant The Container Store, Inc. ("The Container Store") has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, claimed methods of the '302 patent and the '148 patent. On information and belief, The Container Store has been and now is directly infringing at least claims 41 and 47 of the '302 patent by providing secure online payment systems and/or services to customers through its interactive online website(s) (e.g., containerstore.com). Additionally, on information and belief, The Container Store has been and now is: (1) inducing and/or contributing to its customers' direct infringement of at least claim 34 of the '148 patent by providing secure online payment systems and/or services that allow such customers to initiate payments and/or funds transfers through its interactive online websites(s) (e.g., containerstore.com); and (2) inducing and/or contributing to its customers' direct infringement of claim 7 of the '302 patent by its customers' use of secure online payment systems and/or services accessible through its interactive online website(s) (e.g., containerstore.com).

33.     Defendants EuroMarket Designs, Inc. d/b/a Crate & Barrel and CB2 and Meadowbrook L.L.C. d/b/a The Land of Nod (collectively, "Crate & Barrel") have infringed and continue to infringe, directly, contributorily, and/or through the inducement of others, claimed methods of the '302 patent and the '148 patent. On information and belief, Crate & Barrel has been and now is directly infringing at least claims 41 and 47 of the '302 patent by providing secure online payment systems and/or services to customers through its interactive online website(s) (e.g., crateandbarrel.com, cb2.com, landofnod.com). Additionally, on information and belief, Crate & Barrel has been and now is: (1) inducing and/or contributing to its customers' direct infringement of at least claim 34 of the '148 patent by providing secure online payment systems and/or services that allow such customers to initiate payments and/or funds transfers through its interactive online websites(s) (e.g., crateandbarrel.com, cb2.com, landofnod.com); and (2) inducing and/or contributing to its customers' direct infringement of claim 7 of the '302 patent by its customers' use of secure online payment systems and/or services accessible through its interactive online website(s) (e.g., crateandbarrel.com, cb2.com, landofnod.com).

34.     Defendants Fossil, Inc. and Fossil Partners, L.P. (collectively, "Fossil") have infringed and continue to infringe, directly, contributorily, and/or through the inducement of others, claimed methods of the '302 patent, the '148 patent, and the '541 patent. On information and belief, Fossil has been and now is directly infringing at least claims 41 and 47 of the '302 patent by providing secure online payment systems and/or services to customers through its interactive online website(s) (e.g., fossil.com). Additionally, on information and belief, Fossil has been and now is: (1) inducing and/or contributing to its customers' direct infringement of at least claim 34 of the '148 patent by providing secure online payment systems and/or services that allow such customers to initiate payments and/or funds transfers through its interactive online

websites(s) (e.g., fossil.com); and (2) inducing and/or contributing to its customers' direct infringement of claim 7 of the '302 patent by its customers' use of secure online payment systems and/or services accessible through its interactive online website(s) (e.g., fossil.com). Additionally, on information and belief, Fossil has been and now is directly infringing at least claim 20 of the '541 patent by securing information relevant to transactions (e.g., online purchases) initiated through interactive websites (e.g., fossil.com) using one or more secure cookies (e.g., WC_Authentication) and encrypting and/or encoding information relevant to the transactions.

35.  Defendants RadioShack Corporation and RadioShack.com, LLC (collectively, "RadioShack") have infringed and continue to infringe, directly, contributorily, and/or through the inducement of others, claimed methods of the '302 patent and the '148 patent. On information and belief, RadioShack has been and now is directly infringing at least claims 41 and 47 of the '302 patent by providing secure online payment systems and/or services to customers through its interactive online website(s) (e.g., radioshack.com). Additionally, on information and belief, RadioShack has been and now is: (1) inducing and/or contributing to its customers' direct infringement of at least claim 34 of the '148 patent by providing secure online payment systems and/or services that allow such customers to initiate payments and/or funds transfers through its interactive online websites(s) (e.g., radioshack.com); and (2) inducing and/or contributing to its customers' direct infringement of claim 7 of the '302 patent by its customers' use of secure online payment systems and/or services accessible through its interactive online website(s) (e.g., radioshack.com).

36.  Defendants Sprint Nextel Corporation, Sprint/United Management Company, and Sprint Communications Company LP (collectively, "Sprint") have infringed and continue to

11

infringe, directly, contributorily, and/or through the inducement of others, claimed methods of the '302 patent, the '148 patent, and the '541 patent. On information and belief, Sprint has been and now is directly infringing at least claims 41 and 47 of the '302 patent by providing secure online payment systems and/or services to customers through its interactive online website(s) (e.g., sprint.com). Additionally, on information and belief, Sprint has been and now is: (1) inducing and/or contributing to its customers' direct infringement of at least claim 34 of the '148 patent by providing secure online payment systems and/or services that allow such customers to initiate payments and/or funds transfers through its interactive online websites(s) (e.g., sprint.com); and (2) inducing and/or contributing to its customers' direct infringement of claim 7 of the '302 patent by its customers' use of secure online payment systems and/or services accessible through its interactive online website(s) (e.g., sprint.com). Additionally, on information and belief, Sprint has been and now is directly infringing at least claim 20 of the '541 patent by securing information relevant to transactions (e.g., online purchases or payments) initiated through interactive websites (e.g., sprint.com) using one or more secure cookies (e.g., DYN_USER_CONFIRM) and encrypting and/or encoding information relevant to the transactions.

37. Defendant Urban Outfitters, Inc. ("Urban Outfitters") has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, claimed methods of the '302 patent, the '148 patent, and the '541 patent. On information and belief, Urban Outfitters has been and now is directly infringing at least claims 41 and 47 of the '302 patent by providing secure online payment systems and/or services to customers through its interactive online website(s) (e.g., urbanoutfitters.com, anthropologie.com, freepeople.com, shopterrain.com, bhldn.com). Additionally, on information and belief, Urban Outfitters has been and now is: (1)

inducing and/or contributing to its customers' direct infringement of at least claim 34 of the '148 patent by providing secure online payment systems and/or services that allow such customers to initiate payments and/or funds transfers through its interactive online websites(s) (e.g., urbanoutfitters.com, anthropologie.com, freepeople.com, shopterrain.com, bhldn.com); and (2) inducing and/or contributing to its customers' direct infringement of claim 7 of the '302 patent by its customers' use of secure online payment systems and/or services accessible through its interactive online website(s) (e.g., urbanoutfitters.com, anthropologie.com, freepeople.com, shopterrain.com, bhldn.com). Additionally, on information and belief, Urban Outfitters has been and now is directly infringing at least claim 20 of the '541 patent by securing information relevant to transactions (e.g., online purchases) initiated through interactive websites (e.g., urbanoutfitters.com, anthropologie.com, freepeople.com, shopterrain.com, bhldn.com) using one or more secure cookies (e.g., DYN_USER_CONFIRM) and encrypting and/or encoding information relevant to the transactions.

38.     Defendant Walgreen Co. ("Walgreens") has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, claimed methods of the '302 patent, the '148 patent, and the '541 patent. On information and belief, Walgreens has been and now is directly infringing at least claims 41 and 47 of the '302 patent by providing secure online payment systems and/or services to customers through its interactive online website(s) (e.g., walgreens.com). Additionally, on information and belief, Walgreens has been and now is: (1) inducing and/or contributing to its customers' direct infringement of at least claim 34 of the '148 patent by providing secure online payment systems and/or services that allow such customers to initiate payments and/or funds transfers through its interactive online websites(s) (e.g., walgreens.com); and (2) inducing and/or contributing to its customers' direct infringement of

claim 7 of the '302 patent by its customers' use of secure online payment systems and/or services accessible through its interactive online website(s) (e.g., walgreens.com). Additionally, on information and belief, Walgreens has been and now is directly infringing at least claim 20 of the '541 patent by securing information relevant to transactions (e.g., online purchases) initiated through interactive websites (e.g., walgreens.com) using one or more secure cookies (e.g., DYN_USER_CONFIRM) and encrypting and/or encoding information relevant to the transactions.

39.     Defendant Williams-Sonoma, Inc. ("Williams-Sonoma") has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, claimed methods of the '302 patent and the '148 patent. On information and belief, Williams-Sonoma has been and now is directly infringing at least claims 41 and 47 of the '302 patent by providing secure online payment systems and/or services to customers through its interactive online website(s) (e.g., williams-sonoma.com, wshome.com, potterybarn.com, potterybarnkids.com, pbteen.com, westelm.com). Additionally, on information and belief, Williams-Sonoma has been and now is: (1) inducing and/or contributing to its customers' direct infringement of at least claim 34 of the '148 patent by providing secure online payment systems and/or services that allow such customers to initiate payments and/or funds transfers through its interactive online websites(s) (e.g., williams-sonoma.com, wshome.com, potterybarn.com, potterybarnkids.com, pbteen.com, westelm.com); and (2) inducing and/or contributing to its customers' direct infringement of claim 7 of the '302 patent by its customers' use of secure online payment systems and/or services accessible through its interactive online website(s) (e.g., williams-sonoma.com, wshome.com, potterybarn.com, potterybarnkids.com, pbteen.com, westelm.com).

40. Defendants Zale Corporation and Zale Delaware, Inc. (collectively, "Zales") have infringed and continue to infringe, directly, contributorily, and/or through the inducement of others, claimed methods of the '302 patent and the '148 patent. On information and belief, Zales has been and now is directly infringing at least claims 41 and 47 of the '302 patent by providing secure online payment systems and/or services to customers through its interactive online website(s) (e.g., zales.com). Additionally, on information and belief, Zales has been and now is: (1) inducing and/or contributing to its customers' direct infringement of at least claim 34 of the '148 patent by providing secure online payment systems and/or services that allow such customers to initiate payments and/or funds transfers through its interactive online websites(s) (e.g., zales.com); and (2) inducing and/or contributing to its customers' direct infringement of claim 7 of the '302 patent by its customers' use of secure online payment systems and/or services accessible through its interactive online website(s) (e.g., zales.com).

41. Stambler has been damaged as a result of Defendants' infringing conduct. Defendants are, thus, liable to Stambler in an amount that adequately compensates him for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## IV. JURY DEMAND

Stambler hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## V. PRAYER FOR RELIEF

Stambler requests that the Court find in his favor and against Defendants, and that the Court grant Stambler the following relief:

    a. Judgment that one or more claims of United States Patent Nos. 5,793,302, 5,974,148, and 5,936,541 have been infringed, either literally and/or under the

      doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

b.    Judgment that Defendants account for and pay to Stambler all damages to and costs incurred by Stambler because of Defendants' infringing activities and other conduct complained of herein;

c.    That Stambler be granted pre-judgment and post judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

d.    That the Court declare this an exceptional case and award Stambler his reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

e.    That Stambler be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated: September 6, 2011**                  Respectfully submitted,

                                                   /s/ Brent N. Bumgardner (w/permission TJW, Jr)
Brent N. Bumgardner
Texas State Bar No. 00795272
Attorney-in-Charge
Edward R. Nelson, III
Texas State Bar No. 00797142
Christie B. Lindsey
Texas State Bar No. 24041918
Ryan P. Griffin
Texas State Bar No. 24053687
Thomas C. Cecil
Texas State Bar No. 24069489
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
(817) 377-9111
Fax (817) 377-3485
bbumgardner@nbclaw.net
enelson@nbclaw.net
clindsey@nbclaw.net
rgriffin@nbclaw.net
tcecil@nbclaw.net

Eric M. Albritton
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, TX  75606
(903) 757-8449
(903) 758-7397 (fax)
ema@emafirm.com

T. John Ward, Jr.
Texas State Bar No. 00794818
WARD & SMITH LAW FIRM
111 W. Tyler Street
Longview, Texas  75601
(903) 757-6400
(903) 757-2323 (fax)
jw@wsfirm.com

Ronald A. Dubner
Texas State Bar No. 06149000
Attorney and Mediator
9555 Lebanon Road, Suite 602
Frisco, Texas 75035
(214) 432-8283
(888) 501-3052 (fax)
rondub@gte.net

**ATTORNEYS FOR PLAINTIFF
 LEON STAMBLER**